IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GLENN R. WAITE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV239 |
| | ) | |
| v. | ) | |
| | ) | |
| MARK E. NOVOTNY; RICHARD A. | ) | MEMORANDUM OPINION |
| SAVAGE, M.D.; JAMES A. | ) | |
| SNOWDEN; JUDGE EVERETT INBODY; | ) | |
| JUDGE JOHN IRWIN; JUDGE | ) | |
| RICHARD SIEVERS and JUSTICE | ) | |
| MICHAEL HEAVICAN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on defendants' motions to dismiss (Filing Nos. 33, 44, 48, and 59). The motions will be granted.

## I.    BACKGROUND

This action is another in plaintiff Glenn R. Waite's ("Waite") "unsuccessful [eighteen]-year string of lawsuits which began with the medical malpractice claims Waite brought on behalf of his mother's estate after her death in 1989." *Waite v. Kopf*, 41 Fed. App'x 23, 23 (8th Cir. 2002). Apart from his voluminous state-court actions, Waite has filed ten separate actions in this Court, several against the same group of defendants named here.

In an effort to fulfill his recent pledge "to pursue this matter until he dies or until justice prevails" (Filing No. 46 at CM/ECF p. 1), Waite filed this matter on June 9, 2008 (Filing No. 1). On August 11, 2008, Waite filed his amended

complaint (Filing No. 32). In accordance with NECivR 15.1, the amended complaint "supersedes the pleading amended in all respects." Thus, only the allegations contained in the amended complaint will be considered.

## II. SUMMARY OF AMENDED COMPLAINT

The allegations of the amended complaint relate entirely to previous litigation surrounding the death of Waite's mother. Waite has asserted claims against four Nebraska state judges, defendants Inbody, Irwin, Sievers, and Heavican (together, the "Judicial Defendants") (Filing No. 32 at CM/ECF pp. 1-2). Waite also seeks relief against three other individuals involved in the previous litigation, defendants Novotny, Savage, and Snowden (together, the "Attorney Defendants").[1] (*Id.*) Waite brings his claims pursuant to 42 U.S.C. § 1983 and has invoked the Court's federal question jurisdiction under 28 U.S.C. § 1331. (*Id.* at CM/ECF p. 2.)

Waite alleges that, in a previous state-court matter, he was found to have engaged in the unauthorized practice of law. The Attorney Defendants thereafter requested sanctions against Waite. The Judicial Defendants awarded a sanction of attorneys'

---

[1] Only defendants Snowden and Novotny are attorneys (Filing No. 32 at CM/ECF pp. 1-2). However, defendant Savage was represented by Novotny in previous litigation and the claims against these three defendants are related. It is therefore appropriate to group these three defendants together for purposes of this memorandum opinion.

fees in the amount of $2,756.50 against Waite and in favor of the Attorney Defendants. (*Id.* at CM/ECF p. 8.) Waite alleges that defendants Novotny and Snowden are now attempting to collect on that judgment "in a joint effort" with defendants Inbody, Irwin, and Sievers and that attempting to collect that judgment violates his due process and equal protection rights under the U.S. Constitution. (*Id.*)  Waite also re-argues the merits of various state-court proceedings and Case No. 8:91CV177, filed in this Court.  (*Id.* at CM/ECF pp. 3-8.)

Waite's amended complaint contains four general claims: that the dismissal by Judge Richard G. Kopf on July 30, 1992, of Case No. 8:91CV177 is null and void pursuant to the Due Process Clause of the Fifth Amendment; that Neb. Rev. Stat. § 7-101 is unconstitutional under the Fourteenth Amendment as to Waite; that Neb. Rev. Stat. § 25-824 is unconstitutional under the Fourteenth Amendment as to Waite; and that Rule 9F of the Procedural Rules of the Nebraska Supreme Court and Court of Appeals is unconstitutional. (*Id.* at CM/ECF pp. 9-13.)  Waite requests that the Court award him the following:  enter a finding that the July 30, 1992, "Memorandum and Order" in Case No. 8:91CV177 by Judge Richard G. Kopf is null and void; grant Waite a declaratory judgment stating that Neb. Rev. Stat. § 7-101 is unconstitutional under the Fourteenth Amendment and enjoining defendants from using Neb. Rev. Stat. § 7-101 against plaintiff in the future;

grant Waite a declaratory judgment that Neb. Rev. Stat. § 25-824 is unconstitutional under the Fourteenth Amendment; grant Waite a declaratory judgment that Rule 9F of the Rules of Practice and Procedure in the Nebraska Supreme Court and Nebraska Court of Appeals is unconstitutional under the Fourteenth Amendment; and award costs against the Attorney Defendants. (*Id.* at CM/ECF pp. 13-14.)

Defendants have all filed motions to dismiss (Filing Nos. 33, 44, 48, and 59).[2] The Judicial Defendants argue that Waite's claims must be dismissed because they are entitled to absolute judicial immunity (Filing No. 33). The Attorney Defendants argue that dismissal of Waite's claims is warranted, primarily because the Court lacks subject matter jurisdiction (Filing Nos. 44, 48, and 59). The Attorney Defendants also argue that Waite lacks standing to bring his claims, that Waite's claims are barred by the *Rooker-Feldman* doctrine, and that Waite fails to state a claim upon which relief may be granted. (*See generally,* Filing Nos. 46, 49, and 60.)

---

[2] Also pending are defendants' first motions to dismiss, all filed prior to plaintiff's filing of the amended complaint. (Filing Nos. 24 and 29.) These motions to dismiss are duplicative and will be denied as moot.

### III.    ANALYSIS

#### A.    Absolute Judicial Immunity

The Judicial Defendants argue that dismissal of Waite's claims is required because they are entitled to absolute judicial immunity (Filing No. 34). The Judicial Defendants are correct that they are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacity, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* Here, the amended complaint is clear that the Judicial Defendants' actions were not taken in the absence of jurisdiction and were instead taken in each of the Judicial Defendants' judicial capacity and in the course of judicial proceedings. Thus, the Judicial Defendants would be absolutely immune from Waite's claims if he sought monetary relief. However, Waite seeks only injunctive and declaratory relief. Absolute judicial immunity does not extend to suits requesting declaratory and prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 536-38 (1984).

**B.   Standing**

Regardless of the immunity issue, Waite's claims against the Judicial Defendants must be dismissed for lack of subject matter jurisdiction because Waite lacks standing to bring his claims.[3]  "The standing requirement is, at its core, a constitutionally mandated prerequisite for federal jurisdiction, and 'an essential and unchanging part of the case-or-controversy requirement of Article III.'" *Johnson v. Missouri*, 142 F.3d 1087, 1088 (8th Cir. 1998) (quoting *Mausolf v. Babbitt*, 85 F.3d 1295, 1301 (8th Cir.1996)).  To establish standing, a party "must demonstrate that he has suffered an injury in fact which is actual, concrete, and particularized . . . must show a causal connection between the conduct complained of and the injury . . . [and] must establish that the injury will be redressed by a favorable decision."  *Delorme v. United States*, 354 F.3d 810, 815 (8th Cir. 2004).  Stated another way, "[t]o have standing a plaintiff must demonstrate more than simply a 'generalized grievance.' . . . The injury must be 'concrete,' not 'conjectural' or 'hypothetical.'" *Pucket v. Hot Springs Sch. Dist. No. 23-2*, 526 F.3d 1151, 1156-57 (8th Cir. 2008) (quotations omitted).

---

[3] This analysis also applies to the Attorney Defendants. However, as set forth below, the Court lacks subject matter jurisdiction over the Attorney Defendants for the separate reason that they are not state actors.

Here, Waite requests that the Court issue an order that certain Nebraska state statutes and procedural rules are unconstitutional and may not be applied to him in the future if he decides to file additional *pro se* lawsuits in state court (Filing No. 32 at CM/ECF pp. 9-14). In addition, Waite requests that, in the event that future *pro se* matters are deemed frivolous, that the Judicial Defendants be enjoined from awarding sanctions to punish Waite. (*Id.*) Waite specifically does not seek "a judgment which would reverse, vacate, or nullify" any past orders of the Nebraska state courts. Instead, Waite requests that the Court enter an order declaring that, if Waite files future lawsuits in state court *pro se*, certain Nebraska statutes and rules would not apply to him in those as-yet-unfiled lawsuits. Waite does not cite to any current state-court actions in which these statutes may apply. Rather, his allegations are based on a hypothetical set of events which may never occur.[4] Because his claims are, at best, hypothetical, Waite suffers no actual injury, and he lacks standing to bring his claims at this time.[5]

---

[4] While the court makes no specific finding on this matter, it is highly unlikely that Waite will proceed with any state-court claims given that the statute of limitations expired on claims relating to his mother's death more than ten years ago. *See Waite*, 41 Fed. App'x at 23-24.

[5] As the Eighth Circuit has recognized, "although . . . standing and ripeness are technically different doctrines, they are closely related in that each focuses on whether the harm

The Court notes that this is not the first time Waite has pursued these hypothetical claims. *See Waite v. Hippe*, No. 98-2816, 1999 U.S. App. LEXIS 16701, *2-3 (8th Cir. July 19, 1999) (affirming dismissal of challenge to Neb. Rev. Stat. § 7-101 and other Nebraska statutes because Waite lacked standing and his claims were not ripe). The Court will not tolerate frivolous, serial filings of the same claims over which the Court lacks jurisdiction. The Court cautions Waite that future attempts to bring these claims will result in appropriate sanctions.

### C.  Federal Question Jurisdiction

The Attorney Defendants seek dismissal of the claims against them, among other things, because this Court lacks subject matter jurisdiction. As set forth by the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. Pro. 12(h)(3). Subject matter jurisdiction is proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal

---

asserted has matured sufficiently to warrant judicial intervention." *Johnson*, 142 F. 3d at 1090, n. 4 (quotation omitted). Regardless of the label, where a claim presents "no justiciable case or controversy," it must be dismissed for lack of subject matter jurisdiction. *Id.*

question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).[6]

Plaintiff invokes federal question jurisdiction, alleging that "[t]his is a 42 U.S.C. 1983 action" and that "[t]his court has jurisdiction under 28 U.S.C. 1331." (Filing No. 32 at CM/ECF p. 2.) To obtain relief under 42 U.S.C. § 1983, a plaintiff must show (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that a person acting under color of state law caused the deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Thus, an allegation that a private entity has deprived

---

[6] Subject matter jurisdiction is also proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). Plaintiff does not assert diversity jurisdiction in this matter nor is diversity jurisdiction proper where, as here, the amount in controversy is not greater than $75,000.00.

the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. *See, e.g., Pino v. Higgs*, 75 F.3d 1461, 1464-67 (10th Cir. 1996) ("To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983.") (citations omitted). Therefore, if the actions of the defendant were "not state action, our inquiry ends." *Rendell-Baker*, 457 U.S. at 838.

The acts of a private party may be "fairly attributable" to the state in certain circumstances when the private party acts in concert with state actors. *Id*. at 838 n. 6. Although a private person who is a willful participant in joint action with a state actor may act under color of state law, there must at least be a shared purpose to deprive the plaintiff of a constitutional right, namely, "a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451-52 (8th Cir. 1993), cert. denied, 510 U.S. 1111 (1994). *Accord Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997). However, "[t]he conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for

purposes of a section 1983 violation." *Bilal v. Kaplan*, 904 F.2d 14, 14 (8th Cir. 1990).

Waite alleges that the Attorney Defendants acted in a "joint effort" with the Judicial Defendants to obtain, and now may enforce, a state-court order awarding attorneys' fees to the Attorney Defendants (Filing No. 32 at CM/ECF p. 8). In short, Waite alleges that, because the Attorney Defendants filed a lawsuit against him, prevailed in that lawsuit, and now may seek to collect the judgment awarded, they are acting in concert with state actors (the Judicial Defendants). The Court has found no authority supporting such a result. Indeed, if the Court accepted Waite's argument, every attorney, and every party, appearing in state court would become a state actor by virtue of filing a lawsuit and pursuing all claims before a judge or panel of judges. Here, there is no allegation or evidence that the Attorney Defendants did anything more than diligently pursue their rights or the rights of their clients. Such activity is not "fairly attributable" to the state and does not turn an attorney into a state actor. Plaintiff has not set forth a valid claim under 42 U.S.C. § 1983 against the Attorney Defendants and has not otherwise established a basis for "federal question" jurisdiction over those defendants. This Court therefore lacks subject matter jurisdiction over plaintiff's remaining claims, and those claims will be dismissed.

**D. Request for Relief from Order in Case No. 8:91CV177**

While unclear, Waite seeks an order that the July 30, 1992, Memorandum and Order dismissing Case No. 8:91CV177 is "null and void." (Filing No. 32 at CM/ECF p. 13.) Waite fails to state a claim upon which relief may be granted against these defendants relating to a Memorandum and Order entered in this Court nearly 17 years ago. Instead, this appears to be yet another "impermissible attempt to attack collaterally the resolution" of Waite's previously-adjudicated claims. *See Waite, 41 Fed. App'x at 23-24*. To the extent Waite seeks relief from the July 30, 1992, Memorandum and Order, he may seek relief in that case. However, Waite should be mindful of the Court's warnings regarding frivolous filings and potential sanctions. A separate order will be entered in accordance with this memorandum opinion.

DATED this 5th day of March, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court