IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
GLENN R. WAITE,                    )
                                   )
              Plaintiff,           )      8:08CV239
                                   )
       v.                          )
                                   )
MARK E. NOVOTNY; RICHARD A.        )      MEMORANDUM AND ORDER
SAVAGE, M.D.; JAMES A.             )
SNOWDEN; JUDGE EVERETT INBODY;)
JUDGE JOHN IRWIN; JUDGE            )
RICHARD SIEVERS and JUSTICE        )
MICHAEL HEAVICAN,                  )
                                   )
              Defendants.          )
_____)
```

      This matter is before the Court on plaintiff's motion to alter or amend order and judgment (Filing No. 70). Defendants Mark Novotny and Richard Savage filed a brief in opposition to the motion (Filing No. 72). The motion will be denied.

      Plaintiff's motion is brought pursuant to Federal Rule of Civil Procedure 59(e) and argues that the court "erred" when it entered its order and judgment on March 5, 2009 (Filing No. 70). As set forth by the Eighth Circuit, "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. . . . Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal citations and quotations omitted).

Here, plaintiff simply reargues the merits of his case. In particular, plaintiff asserts new arguments and legal theories regarding the portion the Court's memorandum opinion which dismissed some of plaintiff's claims because those claims were "yet another 'impermissible attempt to attack collaterally the resolution' of Waite's previously-adjudicated claims." (Filing No. 68, citing *Waite v. Kopf*, 41 F. App'x 23, 23 (2002).) In his motion and supporting briefs, plaintiff does not point to any manifest error or new evidence. Instead, he objects to the Court's ruling and argues the merits of his claims in this matter and the merits of his 1991 case. Plaintiff may have advanced those theories and arguments prior to dismissal but chose not to do so. Thus, plaintiff is not entitled to relief under Rule 59(e). Accordingly,

IT IS ORDERED that plaintiff's motion to alter or amend order and judgment (Filing No. 70) is denied.

DATED this 21st day of August, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court